Ensign D. Stevens *vs.* Archibald Taft & others.

Judgment for the tenant in a writ of entry is conclusive evidence of the title in a subsequent action of trespass by the demandant against the tenant for breaking and entering the same close; but is no bar to such an action.

Trespass for breaking and entering the plaintiff's close. Answer, a verdict and judgment recovered by the defendants upon an issue of nul disseisin, on a writ of entry brought by the plaintiff to recover the same land; since which the plaintiff had acquired no new title. The plaintiff demurred to the answer.

*J. E. Field*, for the plaintiff.

*I. Sumner & B. Palmer*, for the defendants.

BIGELOW, J.  To support the plea in bar in this case, it must appear that there are no facts which, if proved, would enable the plaintiff to maintain this action, which were not in legal effect comprehended in the former verdict and judgment.  The present action is trespass *quare clausum*, which the plaintiff can sustain by proof of a legal possession and a wrongful disturbance of it by the defendants.  The former action was a writ of entry, in which the present plaintiff sought to recover the same premises as owner; upon a plea of nul disseisin, the verdict and judgment were for the tenants, the present defendants.  By that action, the question of title only was litigated and conclusively settled between the parties; and it being now agreed that there has been no change of title since, it must be deemed to be conclusively settled, and cannot be again drawn in question in this suit.  But the judgment in the former action was conclusive only on the question of title.  That was the gist of the former action.  The gist of the present action is the injury to the plaintiff's possession.  The plaintiff may be entitled to possession of the estate, although he is not the owner, and the defendants are.  For example : the plaintiff may be in possession of the premises, under the defendants, as tenant at will or for a fixed term ; he may have become so since the former judgment was rendered ; such tenancy would be entirely consistent with the ownership of the estate by the defendants, as determined in the former suit.  A lessee, although entitled to possession of the premises as against his landlord, could not maintain a writ of entry against him for a disturbance of that possession ; and, on the other hand, the landlord, although the owner in fee, could not justify a trespass on the premises leased to his tenant, by proof of his title.  It follows therefore that, although no change of title, strictly speaking, has taken place since the rendition of the former judgment, there may be facts shown to exist which may well support this action, and which were not litigated or drawn in question in the former suit. *Merriam* v. *Whittemore*, 5 Gray, 316.  *Sawyer* v. *Woodbury*, 7 Gray, 499.  *Answer adjudged bad.*